STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CW 17-375


GREGORY CASTAIN

VERSUS

AMERICAN SUMMIT INSURANCE COMPANY



\*\*\*\*\*\*\*\*\*\*

ON SUPERVISORY WRIT FROM THE
OPELOUSAS CITY COURT
PARISH OF ST. LANDRY, NO. 36,065
HONORABLE VANESSA HARRIS, CITY COURT JUDGE

\*\*\*\*\*\*\*\*\*\*

PHYLLIS M. KEATY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Phyllis M. Keaty, and Candyce G. Perret, Judges.


WRIT GRANTED AND MADE PEREMPTORY;
JUDGMENT REVERSED; MOTION FOR SUMMARY
JUDGMENT GRANTED; MATTER DISMISSED.

**John R. Walker**
**Sam J. Collett, III**
**Jones Fussell, L.L.P.**
**Post Office Box 1810**
**Covington, Louisiana  70434**
**(985) 892-4801**
**Counsel for Defendant/Applicant:**
     **American Summit Insurance Company**

**Gregory Castain**
**In Proper Person**
**1264 Louisiana Highway 749**
**Opelousas, Louisiana  70570**
**(337) 351-8411**
**Plaintiff/Respondent**

**KEATY, Judge.**

Relator, American Summit Insurance Company, sought supervisory writs from a judgment denying its motion for summary judgment. By order dated June 19, 2017, we granted the writ and gave the parties time to file additional briefs and to request oral argument should they deem it necessary.[1] Thereafter, no additional briefs were filed and oral argument was not requested. Accordingly, we now address the merits of Relator's motion for summary judgment.

## FACTS AND PROCEDURAL HISTORY

This case involves a lawsuit which Plaintiff, Gregory Castain, filed, seeking to recover for damages to his house which was struck by a vehicle that ran off the roadway. On January 24, 2014, Kenneth Rosette was driving his pickup truck on Louisiana Highway 749 in Opelousas, Louisiana, when he lost control of the vehicle. After crossing the centerline, the east shoulder of the road, and a ditch, Mr. Rosette's vehicle went onto Plaintiff's property and struck the front of Plaintiff's house. Plaintiff alleges that the force of impact caused damage to his front door, storm door, vinyl siding, and concrete steps. Plaintiff also alleges that the impact caused the house's foundation to become dislodged, resulting in humps and dips in the flooring. Plaintiff filed a claim with Relator, which had issued a homeowner's insurance policy to Plaintiff. Relator paid to repair Plaintiff's door,

---

[1] Louisiana Code of Civil Procedure Article 966(H), in pertinent part, provides that "[o]n review, an appellate court shall not reverse a trial court's denial of a motion for summary judgment and grant a summary judgment dismissing a case or a party without assigning the case for briefing and permitting the parties an opportunity to request oral argument." In addition, this court's Internal Rule 30 reads as follows:

> When this court issues an order in a summary judgment proceeding assigning a case for briefing and permitting the parties an opportunity to request oral argument in accordance with La.Code Civ.P. art 966.H, the parties shall have fourteen (14) days from the mailing of this order within which to file a motion requesting oral argument on the merits. The motion shall state the reasons why oral argument is necessary and shall be accompanied with the appropriate filing fee.

steps, and siding; however, Relator refused to pay for the alleged damage to the foundation on the basis that coverage for such damage is excluded under the policy. Subsequently, Plaintiff, acting in proper person, filed the instant lawsuit. In November 2016, Relator filed a motion for summary judgment, seeking dismissal of the lawsuit. The trial court excluded Plaintiff's opposition to the motion for summary judgment on the ground that it was untimely filed. Following a hearing, the trial court denied Relator's motion for summary judgment. Relator seeks review of the trial court's ruling.

## LAW

> Appellate courts "review a grant or a denial of a motion for summary judgment de novo." *Bridges v. Cepolk Corp.*, 13-1051, p. 10 (La.App. 3 Cir. 2/12/14), 153 So.3d 1137, 1145, *writ denied,* 14-901 (La. 8/25/14), 147 So.3d 1117. As noted in La.Code Civ.P. art. 966(A)(2), "[t]he summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. . . . The procedure is favored and shall be construed to accomplish these ends." On de novo review, "there is no deference to the trial judge's legal findings, and we make an independent review of the evidence in determining whether there is no genuine issue of material fact and whether the mover is entitled to judgment as a matter of law under La.Code Civ.P. art. 966." *Bridges*, 153 So.3d at 1145. "A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate." *Smitko v. Gulf S. Shrimp, Inc.*, 11-2566, p. 7 (La. 7/2/12), 94 So.3d 750, 755.

*Hanks v. La. Cos.*, 16-334, p. 9 (La.App. 3 Cir. 12/14/16), 205 So.3d 1048, 1056 (footnote omitted), *writ denied,* 17-260 (La. 5/19/17), 220 So.3d 749.

According to La.Code Civ.P. art. 966(D)(1):

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support

2

sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

Louisiana Code of Civil Procedure Article 967(B) further provides that:

> When a motion for summary judgment is made and supported . . . , an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.

## DISCUSSION

Relator asserts that the trial court erred in denying its motion for summary judgment. Relator takes the position that coverage for Plaintiff's claim is excluded under Exclusion A of its policy. That exclusion provision, in pertinent part, reads as follows (italics added):

GENERAL EXCLUSIONS

A.   We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

. . . .

2.   Earth Movement, meaning earthquake including land shock waves or tremors before, during or after a volcanic eruption; landslide; mine subsidence; mudflow; *earth sinking, rising or shifting*; unless direct loss by:

a.   fire; or

b.   explosion;

ensues and then we will pay only for the ensuing loss.

Relator notes that Plaintiff alleges that the impact of the vehicle striking his house caused damage to his pier and beam foundation. Relator contends, however, that Plaintiff has not furnished any evidence to show that the damage to the foundation of his house was caused by the accident. Relator maintains that it, on the other hand, retained an expert whose affidavit establishes that the damage to

3

the foundation of Plaintiff's house was not due to anything other than movement or settlement of the earth. In that regard, Relator notes that its expert, Joe D. Hughes, a registered professional engineer in Louisiana and Texas, examined Plaintiff's house and concluded that the conditions in its foundation were the result of long-term, ongoing problems caused by differential earth movement, rather than by the lateral impact by a vehicle. Relator points out that Mr. Hughes's opinion was based on factors such as the lack of evidence of lateral movement of the girders, and the fact that a significant amount of repairs had been performed on the foundation in the past. Further, Relator notes that Mr. Hughes's report suggests that the particular area of land upon which Plaintiff's house sits is subject to drought, which is a common cause of earth settlement. Relator asserts that coverage is excluded for Plaintiff's claim because the policy at issue excludes coverage for losses caused by the earth sinking, rising, or shifting, unless direct loss is caused by fire or explosion. Relator contends that while it has submitted ample proof that coverage is excluded under its policy, Plaintiff has failed to submit any evidence to show that there is coverage under the policy.

In opposition to the instant writ application, pro se Plaintiff asserts that the trial court did not err when it denied Relator's motion for summary judgment. Plaintiff explains that his house was hit by a 4,500 pound truck that was traveling at a speed in excess of fifty-five miles per hour. Plaintiff points out that Mr. Hughes did not inspect the house until May 28, 2015, which was more than sixteen months after the accident. Plaintiff maintains that as a result of the time between the accident and the inspection, Mr. Hughes failed to see 95% of the evidence as most of it had been removed and replaced because emergency repairs were necessary to the foundation to make the house safe for Plaintiff and his family to continue occupying it. In its reply brief, however, Relator asserts that none of

4

the foregoing factual allegations made by Plaintiff should be considered by this court because the record does not contain any factual support for those allegations.

Plaintiff also contends that the foundation pictures that were submitted by Relator were taken at such a distance that they do not show the discoloration and gaps between the girders located in the foundation. Additionally, Plaintiff points out that Mr. Hughes did not inspect the truck that hit Plaintiff's house. Plaintiff maintains that such an inspection would have provided valuable information regarding the speed of the vehicle and the force of impact.

With regard to the exclusionary provision on which Relator relies, Plaintiff notes that coverage is excluded for "earth movement" and that the policy explains what is meant by "earth movement." However, Plaintiff argues that while Relator's expert deems the damage to Plaintiff's foundation as having been caused by "earth settlement," the exclusionary clause at issue does not mention the words, "earth settlement." Further, Plaintiff notes that Relator's expert, Paul Boswell, Relator's vice president of claims, does not expressly state that the foundation damage was caused by "earth settlement." Rather, Plaintiff notes that in Mr. Boswell's affidavit, he states that the damage to Plaintiff's foundation "appeared to be caused by earth settlement." Plaintiff also contends that there is an absence of scientific information regarding the condition of the soil around Plaintiff's house. In that regard, Plaintiff maintains that Relator has not shown any weather report indicating that there was any earth movement or earthquake that occurred in Opelousas, Louisiana, at any time relevant to Plaintiff's claim. According to Plaintiff, he is a lifelong resident of the Opelousas area, and there has been no earth movement in that area. However, in its reply brief, Relator counters that its expert, Mr. Hughes, stated in his affidavit that the area where Plaintiff's property is located experienced severe droughts from 2011 through recent years

and that drought conditions usually result in soil shrinkage and differential movements of residences.

We note that although Relator paid for some of the damage to Plaintiff's house after it was struck by Mr. Rosette's vehicle, Relator excluded coverage for the damage to the house's foundation on the basis that such damage is excluded under the policy it issued to Plaintiff. The exclusion provision at issue does not insure for loss caused by "earth movement" which is described as "earthquake, including land shock waves or tremors before, during or after a volcanic eruption; landslide; mine subsidence; mudflow; earth sinking, rising or shifting, unless direct loss by fire or explosion." Relator's expert, Mr. Hughes, stated in his report that it is his opinion that the automobile accident at issue did not cause any moving or shifting of Plaintiff's house. Rather, Mr. Hughes opines that the damage to Plaintiff's foundation and floors was "the result of differential movement by the building and foundation due to differential movement by the supporting foundation soils."

After having completed a de novo review of the evidence submitted by Relator in support of its motion for summary judgment, we find that Relator met its burden of proving "the absence of factual support" for Plaintiff's claim that the damage to his foundation was caused by the January 24, 2014 accident. Thus, Plaintiff could no longer "rest on the mere allegations . . . of his pleading[s]," and the burden shifted to him "to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *See* La.Code Civ.P. arts. 967(B) and 966(D)(1); *Flournoy v. Our Lady of Lourdes Regional Medical Center, Inc.*, 17-81 (La.App. 3 Cir. 5/17/17), 222 So.3d 103. Because Plaintiff presented no evidence to show that he will be able to prove the causation element of his claim, we conclude that

6

Relator is entitled to summary judgment as a matter of law dismissing Plaintiff's claim against it.

## DECREE

For the foregoing reasons, the judgment of the trial court is reversed. Summary judgment is granted in favor of American Summit Insurance Company, dismissing Gregory Castain's claims against it with prejudice at Mr. Castain's costs.

**WRIT GRANTED AND MADE PEREMPTORY; JUDGMENT REVERSED; MOTION FOR SUMMARY JUDGMENT GRANTED; MATTER DISMISSED.**